IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CM1018-10 |
|---|---|---|
| | ) | |
| vs. | ) | **DECISION AND ORDER** |
| | ) | (Motion to Dismiss *Rasauo II*) |
| ARIEL C. GELICIA | ) | |
| Defendant. | ) | |

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on December 22, 2011 for Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant was not present, but was represented by Attorney Suresh Sampath. People were represented by Assistant Attorney General James C. Collins. The Court having considered all the oral arguments, briefs, and materials filed herein **DENIES** Defendant's motion.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo,* 2011 Guam 14 (hereinafter referred to as *"Rasauo II"*), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

Defendant was arrested on November 26, 2009 and given a notice to appear ("NTA") with a date of November 24, 2010. On November 19, 2010, a Complaint was filed but no summons was issued[2]. *Id.* at ¶ 7. On November 24, 2010, Defendant did not appear. A bench

---

[1] This holding is hereinafter referred to as the "60 day rule."

[2] Unlike the facts in *Rasauo II*, the Court notes that a summons is now required to automatically be issued on all misdemeanors, upon a filed complaint and affidavit, even when the People do not request for a summons, after a probable cause determination is made. 8 GCA § 15.20(a). Also, currently, all persons arrested for DUI charge are brought before a magistrate for a probable cause determination prior to being released; therefore a NTA is not issued.

warrant was issued for Defendant on November 26, 2010. On August 5, 2011 the warrant was returned, and the Defendant was released with orders to appear for arraignment on August 17, 2011. On August 17, 2011, Defendant was appointed counsel, and the arraignment was continued until September 7, 2011 to afford the Defendant an opportunity to meet and confer with counsel. Defendant was arraigned two hundred and fifty-nine (259) days after the Complaint was filed.

The time between the filing of the Complaint and the first appearance on August 5, 2011, does violate the 60 day rule announced in *Rasauo II*. However, the Court must determine what days, if any, after January 18, 2011 constitutes "good cause" or if this case must be dismissed in violation of the 60 day rule.

The Court finds that the any delay caused by a defendant's failure to appear at an arraignment that has been properly noticed[3] is good cause. Therefore, the delay of arraignment from November 19, 2010 to September 7, 2011 caused by Defendant's failure to appear is good cause for purposes of the 60 day rule. *People v. Flores*, 2009 Guam 22 ¶ 32 (citing *People v. Johnson*, 606 P.2d 738, 746 (Cal.1980).

Next the court must determine if the time the Court allows a defendant to meet and confer with counsel prior to being arraigned is reasonable and constitutes good cause. Title 8 Guam Code Annotated section 45.30(c) provides that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing this with counsel allows a defendant to understand the significance of the arraignment process as well as the defendant's rights, which are asserted or waived at arraignment. *Hamilton v. Alabama*, 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at time of arraignment. *See e.g. Huston v. Com.*, 171 S.W.3d 743, 744-45 (Ky. Ct. App. 2005). Further, the concerns of Guam's Supreme Court in *People v. Rasauo*, 2011 Guam 1, are not present when a defendant is appointed counsel and the delay between the Complaint and the arraignment is partially attributed to the time necessary for a defendant to

---

[3] Proper notice includes any of the following circumstances: (i) notice provided by a properly served summons, (ii) notice to appear is provided to a defendant, or (iii) notification that occurs when a defendant is present and hears the court determine the date and time of the continued arraignment.

meet and confer with his appointed attorney. 2011 Guam 1 ¶ 53(quoted by *Rasauo*, 2011 Guam 14 ¶ 10).

Further, the Court rejects the contention that any length of delay cause by the time provided to a defendant to meet and confer with an attorney is automatically good cause. The Court finds that a reasonable amount of delay attributed to the time a defendant needs to meet and confer is good cause for purposes of the 60 day rule. *Cf. Flores*, 2009 Guam 22 ¶ 38. The Court finds that the twenty-eight (28) days from August 24th to September 21st is not an excessive amount of time for a court to provide a defendant to meet and confer with counsel prior to arraignment. Thus the delay in this case due to allowing Defendant to meet and confer with is attorney constitutes "good cause."

The 259 days between the filing of the Complaint and Defendant's arraignment does violate the 60 day rule, however, the Court finds that the Defendant's failure to appear for the NTA arraignment on November 24 constitutes "good cause." As indicated above, the twenty-eight (28) days between Defendant's first appearance and Defendant's actual arraignment is not an unreasonable delay and the Court finds that good cause is shown. *Rasauo*, 2011 Guam 14 ¶ 14. Since there is good cause shown for the entire duration of the violation of the 60 day rule, Defendant's Motion is DENIED. A criminal trial setting shall occur on _APR 0 9 2012_, 2012 at _9:30am_m.

**IT IS SO ORDERED** this _MAR 2 9 2012_ March, 2012.

HONORABLE ELIZABETH BARRETT- ANDERSON
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

APR - 2 2012

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam